FILED
U.S. DISTRICT COURT

2008 FEB 22  A 11:08

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>PAUL J. YOUNG<br><br>Defendant. | ORDER<br><br><br><br><br><br>Case No. 2:01-CR-00038<br><br>Judge Dee Benson |

Defendant Paul J. Young, a federal inmate, moves the Court for an evidentiary hearing pursuant to 28 U.S.C. § 2255 (Doc. #716) and also petitions for a change in his custody from imprisonment to home confinement (Doc. #719). It appears to the Court that Defendant styled his second motion, the request to modify his custody status, as a habeas petition brought under 28 U.S.C. § 2241.

**28 U.S.C. § 2241**

A petition brought under 28 U.S.C. § 2241 which attacks the execution of a sentence, rather than its underlying validity, must be filed in the district where a prisoner is confined. <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996). Defendant is confined at a federal prison camp in Florence, Colorado, which is located in the District of Colorado. This Court, therefore, lacks jurisdiction over Defendant's § 2241 motion and accordingly DENIES his motion.

**28 U.S.C. § 2255**

Defendant previously filed a § 2255 petition, but on April 5, 2006 Defendant requested that the Court dismiss his § 2255 motion pursuant to a negotiated pretrial diversion agreement between Defendant and the Government. The pretrial diversion agreement includes the following condition:

> You agree to take the steps necessary to obtain a dismissal with prejudice of your pending action under 18 U.S.C. § 2255 in the case styled, Paul J. Young v. United States, Case No. 2:06-CV-0001DB. **You also agree to waive any and all rights you have to file any action, including but not limited to any administrative, civil, or other action arising out of the facts, circumstances, and issues underlying the investigation, prosecution, and defense of the 38 case** or the Young prosecution.

Agreement For Pretrial Diversion (emphasis added). The next day, the Court dismissed with prejudice Defendant's § 2255 motion arising out of Case No. 2:01-CR-00038. In spite of his diversion agreement and previous request to dismiss his own § 2255 motion, Defendant filed the instant § 2255 motion. In accordance with Defendant's diversion agreement, the Court will not entertain Defendant's motion since it is an action arising out of Case No. 2:01-CR-00038, and therefore DENIES Defendant's § 2255 motion.

IT IS SO ORDERED.

DATED this 21st day of February, 2008.

Dee Benson
United States District Judge